IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VEDPAL SINGH MALIK,

                                        Plaintiff,

                v.                                        Civil Action Number 3:06CV249

PHILIP MORRIS, USA INC., ET AL.,

                                        Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Philip Morris, USA Inc.'s Motion to

Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds

that Plaintiff has (1) failed to timely exhaust his administrative remedies, (2) alleged claims that are

not recognized in Virginia , and (3) each of Plaintiff's claims are barred by the relevant statute of

limitations.  For the reasons set forth below, Defendant's Motion to Dismiss is hereby GRANTED.

**Background**

Plaintiff, proceeding pro se filed a Complaint in the Circuit Court for the City of Richmond

against Philip Morris USA Inc., Richard Lerner, President, Scripps Research Institute, and Gerald

M. Edelman, Chairman Professor of Department of Neurobiology.[1]

---

[1]While Plaintiff lists Lerner and Edelman as Defendants in the caption, there is no record
of his serving either Defendant.  Therefore his Complaint with respect to both Defendants is
hereby dismissed for failure to prosecute.

Plaintiff alleges that he was employed with Philip Morris from 1981 to 1992 . He alleges that Philip Morris did not want him to succeed, and created an intimidating, stressful work environment. Around June 1992, Plaintiff alleges he was terminated from employment without just cause. Plaintiff alleges he was given poor performance evaluations and was rated unsatisfactory and told that he could not communicate well due to his Indian heritage. Plaintiff alleges Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Virginia Human Rights Act. Plaintiff further alleges that Philip Morris planned his firing in such a way that rendered Plaintiff ineligible for his retirement benefits. Plaintiff further alleges that his discharge was retaliatory, in violation of public policy and the Company's actions constituted tortious interference with his employment relationship and fraud.

## II.

The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). When considering such a motion, the Court must presume that all factual allegations in the complaint are true. See Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365, 367 (4th Cir. 1980). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citing Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). The Complaint of a pro se litigant, must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations by pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

Generally, if on a Rule 12(b)(6) motion to dismiss, a court considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in a Rule 56 Motion. Fed. R. Civ. P. 12(b)(6).  However, in a Rule 12(b)(6) motion, a court can consider documents outside of the pleadings without converting the motion to one for summary judgment so long as the documents are integral to and explicitly relied on in the complaint. Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

II.

A.    Plaintiff Fails to Establish Jurisdiction Under for the Title VII or ADEA Claim

Plaintiff's claims under Title VII and the ADEA are fatally flawed as he has not complied with the administrative remedies for filing these claims.  To state a cognizable claim under Title VII, a plaintiff must first exhaust his administrative remedies with the federal EEOC before he can bring suit.  See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000).   Similarly,  an aggrieved party attempting to file a suit under the ADEA must file suit with the EEOC.  Puryear v. County of Roanoke, 214 F.3d 514, 518 (4th Cir. 2000).  Plaintiff's complaint does not allege that he has complied with the prerequisites, and therefore he has not properly invoked this Court's jurisdiction. Davis v. North Carolina Dep't of Corrs, 48 F.3d 134, 140 (4th Cir. 1995). Plaintiff does not allege that he filed a charge with the EEOC.  Plaintiff is unable to remedy this flaw, as the time has elapsed by which he was required to file a charge of discrimination with the EEOC.  Plaintiff's Title VII and ADEA claims are hereby dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

B.    Plaintiff's Retaliatory Discharge Claim Fails as a Matter of Law

Plaintiff has alleged a claim of retaliatory discharge based on the fact that his research findings and statements would have reflected unfavorably on Defendant if Plaintiff's findings

became public knowledge.   Plaintiff seeks to invoke a generalized common-law "whistleblower" retaliatory discharge claim.  Virginia does not recognize a such a claim.  Dray v. New Mkt Poultry Prods., Inc., 258 Va. 187, 191, 518 S.E.2d 312, 313 (Va. 1999) (rejecting a retaliatory discharge claim by an employee seeking to make an exception to the employment-at-will doctrine).  Plaintiff's retaliatory discharge allegations are hereby dismissed for failure to state a claim upon which relief can be granted.

> C.      Tortious Interference

Plaintiff has alleged that Defendant Philip Morris has tortiously interfered with his employment contract by wrongfully terminating his employment.  Plaintiff may not bring a claim for tortious interference against Defendant Philip Morris. Plaintiff cannot plead a tortious interference claim where the contract Defendant Philip Morris allegedly interfered with was between itself and the Plaintiff. Storey v. Patient First Corp., 207 F. Supp. 2d 431, 448 (E.D. Va. 2002) ("In the jurisprudence of tortious interference, it is axiomatic that a party cannot interfere with his own contract.").  Plaintiff's tortious interference claim against Defendant Philip Morris is thus  without merit.

D.      Plaintiff's Remaining Claims are Barred by the Respective Statutes of Limitations

> 1.      Allegations of fraud are time barred

Plaintiff has alleged that Philip Morris committed fraud by inducing him to accept employment with Philip Morris, leading him to believe he would be able to conduct "meaningful scientific research," and inducing him to sign papers that released Philip Morris from liability.  Plaintiff's claims are barred by the statute of limitations.

Section 8.01-243(A) of the Virginia Code states that "every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Section 8.01-249(1)

of the Virginia Code provides that a cause of action for fraud accrues when such fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Plaintiff's fraud claim should have reasonably been discovered by the time he was terminated, on June 9, 1992. By the time his employment ended, Plaintiff would have known whether he had been able to conduct "meaningful research" or was induced to sign papers. Plaintiff did not file this action until March 7, 2006, which is barred by the statute of limitations.

    2.    Plaintiff's Breach of Contract Claim is Time Barred.

Plaintiff alleges he had a written contract with Philip Morris and that Philip Morris breached its contract with Plaintiff. However, this claim is time barred. Virginia Code 8.01-230 states that a breach of contract claim accrues when the contract is breached. Thus, Plaintiff's breach of contract claim accrued when his employment with Philip Morris was allegedly terminated in 1992. Westminster Investing Corp. v. Lamps Unlimited, Inc., 237 Va. 543, 549, 379 S.E.2d 316, 319 (1989). Plaintiff's breach of contract claim is subject to a five year limitations period because the injury claimed is one to his personal property contractual rights. Worrie v. Boze, 198 Va. 533, 536–37, 95 S.E.2d 192, 196 (1956) (applying a five-year statute of limitations to a breach of employment contract claim). Therefore, Plaintiff was required to bring this contract claim by June 1997, and it is time-barred.

    3.    Plaintiff's Defamation Claim is Time Barred.

Plaintiff alleges Philip Morris defamed him by filing U.S. Patent No. 5,668,295 with wrong claims to ruin his scientific credibility. Virginia code Section 8.01-247.1 provides the statute of limitations with respect to defamation is one year. Plaintiff claims the patent was issued on September 16, 1997, and was required to bring this suit by September 16, 1998. Accordingly, Plaintiff's defamation claim against Philip Morris is hereby dismissed.

4.      Plaintiff's Virginia Human Rights Act Claim is Time Barred.

Plaintiff alleges Defendant discriminated against him in violation of the Virginia Human

Rights Act ("VHRA").  Any claim against Philip Morris pursuant to the VHRA is also time barred.

 The VHRA allows an aggrieved party to bring a cause of action under the statute either (1) within

300 days from the date of discharge, or (2) if a charge has been filed with the appropriate human

rights agency within 300 days from the date of discharge, within 90 days from the date the agency

has rendered a final disposition on that charge.  See Va. Code Ann. § 2.2-2639(c).  Having been

discharged on June 9, 1992, Plaintiff was required to file either a lawsuit, or a charge of

discrimination no later than April 5, 1993.  Plaintiff's failure to bring this action within the time

period designated by the VHRA,  prompts dismissal of this claim.

5.      Plaintiff's Interference with Retirement Benefits is Time Barred.

Plaintiff alleges Philip Morris unlawfully interfered with Plaintiff's right to attain retirement

benefits.  Plaintiff claims he met the age requirements to receive the Early Retirement Package, but

was fired in such a way to deny him those benefits.  The Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1140 provides the exclusive remedy for such a claim.  Section 510 of

ERISA, declares it:

> unlawful for an employer to discharge, fine, suspend, expel, discipline, or discriminate
> against a participant or beneficiary for exercising any right to which he is entitled under
> the provisions of an employee benefit plan or for the purpose of interfering with the
> attainment of any right to which such participant may become entitled under the plan.

Section 502 of ERISA, 29 U.S.C. § 1132, authorizes civil enforcement of ERISA provisions.

Plaintiff's claim under ERISA is also time-barred.  Plaintiff's Claim under § 1140 applies the statute

of limitations for wrongful discharge.  Sutter v. First Union Nat'l Bank,  932 F. Supp. 753, 757

(E.D.V.A. 1996) (citing cases in other circuits that construed § 510 of ERISA as most analogous to

wrongful discharge or employment discrimination claims).  The statute of limitations for wrongful discharge claims is two years, and the action accrues at the date of termination.  Accordingly, Plaintiff has failed to timely bring this action and his claim for relief under Section 510 is barred by the statute of limitations.

The existence of three prior lawsuits against Philip Morris belies Plaintiff's claim that he just learned of any resulting damages in September 2005.  The factual assertions and legal claims alleged in Plaintiff's earlier cases against Philip Morris, though not served on Defendant are almost identical to those alleged in the present action.

For all the foregoing reasons, Defendant's Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

Plaintiff is advised that he has a right to appeal the decision of the Court.  Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within thirty (30) days from the date of entry of this Opinion and accompanying Order. Failure to file a timely notice of appeal waives the right to an appeal.  An appropriate Order shall issue.

___/s/ James R. Spencer_____
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this __20th__ day of June 2006